[Civ. No. 5571.   Fourth Dist.   Nov. 19, 1957.]

GLENN RILEY PRESCOTT, Respondent, v. FRANK M. CHRISTIANSEN et al., Appellants.

Richmond & Bradley for Appellants.

W. E. Starke for Respondent.

BARNARD, P. J.—The parties to this action entered into an escrow agreement at a title company by which the plaintiff agreed to exchange certain real property owned by her for certain real property owned by the defendants. The escrow agreement called for the deposit in escrow of various instruments, including conveyances of the respective properties. The plaintiff later brought this action for specific performance of this agreement. Judgment was entered in favor of the

plaintiff on May 22, 1956, decreeing such specific performance and ordering each party to carry out the terms of the escrow agreement. The defendants appealed from that judgment.

Some two months later the plaintiff deeded her property, which she had agreed to convey to the defendants, to a third party and that deed was recorded. Shortly thereafter, this third party recorded a mortgage covering that property to still another party securing a note for $20,000. Thereafter, the defendants applied to this court for leave to produce additional evidence, and in connection therewith submitted certified copies of the deed and mortgage just referred to. No objection was made by the plaintiff and that application was granted.

Subsequently, the defendants filed their opening brief stating that the plaintiff had put it out of her power to comply with the agreement and with the court order, and asking that the judgment be reversed with appropriate directions for the entry of a judgment rescinding or cancelling the exchange agreement, and ordering that all instruments and other things deposited by each of the parties in the escrow be returned. The attorney for the plaintiff filed a letter saying that the plaintiff would not file an answering brief as she had disposed of the property, thus putting herself in a position where she could not comply with the agreement, and consenting to the relief asked for by the defendants. When the matter came on regularly for hearing both parties waived oral argument.

The judgment is reversed with instructions to the trial court to enter a judgment rescinding or cancelling the exchange agreement, and ordering that anything deposited in escrow by the respective parties be returned to them, upon the payment by each of his proper share of the escrow fees.

Griffin, J., and Mussell, J., concurred.